**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAYMOND MOODY<br>31 Mobile Drive<br>Thomasville, PA 17364-9742 | : <br> : <br> : <br> : | |
| Plaintiff, | : | NO.: |
| v. | : <br> : | |
| GC SERVICES LP<br>4777 Hilton Corporate Drive<br>Columbus, OH 43232 | : <br> : <br> : <br> : | |
| And | : <br> : | |
| JANE DOE 1 | : <br> : | **JURY TRIAL DEMANDED** |
| And | : <br> : | |
| JANE DOE 2 | : <br> : | |
| Defendants. | : | |

## COMPLAINT

**I. Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**II. Parties**

3. Plaintiff Raymond Moody is a natural person who resides at 31 Mobile Drive, Thomasville, PA 17364-9742.

4. Defendant GC Services LP (hereafter "GC") is a business entity regularly engaged

in the business of collecting debts nationwide with its principal place of business located at 4777 Hilton Corporate Drive, Columbus, OH 43232. GC regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5. Defendant Jane Doe 1 is a natural person employed by Defendant GC as a collection agent and supervisor of other collection agents and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Jane Doe 1, at all times herein, acted within the scope of their training and employment as collectors for GC.

### III. Factual Allegations

7. The debt alleged by defendant to be plaintiff's debts is, upon information and belief, a federal student loan debt incurred by plaintiff to pay for his education which was in default at the time of the collection activity hereinafter described.

8. In 1986, to deal in part with the lingering effects of the recession that began earlier in the 1980s, the Federal Government established an orderly and mandatory procedure to facilitate repayment and rehabilitation of federal student loans that were in default.

9. The terms of this program for borrowers whose loans were in default included:

   a. The right to have monthly payments adjusted to one that is "reasonable and affordable based on the borrower's total financial circumstances." 20 U.S.C. § 1078-6 (a)(1)(B).

   b. The right to have the loan rehabilitated if the adjusted monthly payments are made timely in nine of ten consecutive months. *Id.* (a)(1)(A); and

  c. Once such nine payments have been made, to have the fact of the prior default removed from the borrower's credit report. *Id.* (a)(1)(C).

10. The reasons for this program, particularly in times of economic instability are evident for both the borrower and the lender.

11. Creditors and those person(s) servicing defaulted loans and/or collecting on defaulted loans are obligated to notify borrowers of their rights under the Federal student loan rehabilitation program, including calculating of "reasonable and affordable" payments, and the route to rehabilitation of both the loan and her credit, or are not to make representations contrary to the mandatory terms of that program.

12. Without disclosure of these terms, federal student debtors would not know their rights under the program, will either remain in default and with a blot on their credit or continue to endeavor to make payments in excess of what they are required to do.

13. Pursuant to 34 CFR §§682.405, 685.211(f), and/or 674.39, Defendant must offer plaintiff to rehabilitate the federal loan constituting the debt at issue by a payment plan of nine (9) payments within ten months (nine (9) consecutive payments for Perkins loans) and to permit a monthly payment to plaintiff that is reasonable and affordable, based upon document review supporting plaintiff's financial profile.

14. On or about October 12, 2013, defendant GC, by and through Jane Doe 1, called plaintiff to collect the debt.

15. Jane Doe 1 collected monthly income and expense information from plaintiff during the oral phone interview.

16. Jane Doe 1 proposed a monthly rehabilitation payment of $250.00.

17. Plaintiff advised Jane Doe 1 that he could not afford the proposed payment.

18. Jane Doe 1 the called plaintiff back on or about October 30, 2013 and proposed a monthly rehabilitation payment of $211.00.

19. Plaintiff offered to pay what he could afford which was $50.00.

20. Jane Doe rejected plaintiff's offer.

21. On or about August 2014, plaintiff's employer received a notice of garnishment of plaintiff's wages.

22. Upon information and belief, GC required a minimum payment based upon a commission schedule, in complete disregard of Federal statute and regulations.

23. 20 U.S.C. § 1078-6(a)(1)(B), 34 C.F.R §§ 685.211(f) and 682.405(b)(iii) require that rehabilitation payments are to be reasonable and affordable based upon a document review of the borrower's total financial circumstances.

24. 34 C.F.R. § 682.405(b)(iii)(B) specifically states that no minimum payment is required for rehabilitation.

25. Defendant failed, as a result thereof and also as a result of a lack of adequate practices and procedures to ensure compliance with the federal code, defendant failed to send plaintiff written notice of Wage garnishment pursuant to 20 U.S. Code § 1095a (2).

**IV.** **Causes of Action**

### COUNT I – Violations of the FDCPA

26. The allegations above are re-alleged and incorporated herein by reference.

27. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by

4

15 U.S.C. § 1692a(5).

28. The above contacts made between the Plaintiff and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendants, by their conduct as described above, violated the FDCPA including but not limited to the following:

   a) §1692d, Engaged in conduct the natural consequence of which is to abuse a person;

   b) §1692e(2)(A)  The false representation of the character or legal status of any debt;

   c) §1692e(10)  false and deceptive means to collect the debt regarding non-compliance with the CFR for rehabilitation of loans;

   d) §1692f Otherwise using unfair or unconscionable means to collect or attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

   d. Equitable relief against all defendants compelling compliance with the rehabilitation schema of the Code of Federal Regulations cited herein;

   e. Such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

|  |  |
|---|---|
|  | **WEISBERG LAW** |
| Dated: <u>September 11, 2014</u> | <u>/s/ Matthew B. Weisberg</u><br>Matthew B. Weisberg, Esquire<br>Attorney for Plaintiff<br>Pa. Id. No. 85570<br>7 South Morton Avenue<br>Morton, PA 19070<br>(610) 690-0801 – Phone<br>(610) 690-0880 – Fax |